**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Cesar Roberto Castro-Gomez<br><br>    Petitioner<br><br>    v.<br><br>United States of America<br><br>    Respondent. | Civ. No. 05-1257(PG)<br>(Re: Crim. No.97-011(PG)) |

**ORDER**

Before the Court is Petitioner's "Motion for Certificate of Appealability" (Docket No. 49) as required under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner seeks to appeal this Court's decision denying his Motion to Vacate, Set Aside or Correct Sentence. (Docket Nos. 1 & 17.)

Under the AEDPA, no appeal may be taken from a district court's ruling on a Section 2255 motion unless a district or circuit judge issues a Certificate of Appealability ("COA") based upon a "substantial showing" by the prisoner of "the denial of a constitutional right." 28 U.S.C. § 2253(c). To succeed, a petitioner must demonstrate that the issues raised are "'debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."'" Barefoot v. Estelle, 463 U.S. 880, 883 n.4(1983)(alteration in original)(internal quotations omitted). "The necessity for a substantial showing extends independently to each and every issue raised by a habeas petitioner." Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).

Petitioner's main claim is that his trial attorneys rendered ineffective assistance of counsel. The Court has revisited petitioner's motions, the responses thereto, and the Magistrate Judge's detailed Report and Recommendations. The Magistrate Judge thoroughly considered each of the arguments petitioner raises here and found them without merit. A review of the record reveals that petitioner is simply rehashing arguments already considered and denied by this Court.

As the Magistrate Judge indicated, the evidence against petitioner was overwhelming. Petitioner initially plead guilty to the charges brought against him and was sentenced to life imprisonment. After going

to trial he received the same sentence – life imprisonment.  His sentence was affirmed on appeal.  It is thus fair to conclude, as the Magistrate Judge did, that even if his attorneys' performance fell below an objective standard of reasonableness, which there is no indication that it did, the result of the proceedings would not have been different. In other words, petitioner has failed to show prejudice as a result of any alleged ineffective assistance of counsel.

In sum, petitioner fails to bring forth new arguments or legal theories that would warrant altering the Court's decision to adopt the Magistrate Judge' Report and Recommendation.  Petitioner's repeated arguments fail to comply with the elements that must be considered by a court before issuing a COA.  Accordingly, petitioner's Motion for a COA is **DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, June 8, 2006.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE